Jose S. HINOJOSA, County Clerk of Starr County, Petitioner,

v.

George H. EDGERTON et al., Respondents.

No. B-1022.

Supreme Court of Texas.

March 5, 1969.

F. R. Nye, Jr., Rio Grande City, Luther E. Jones, Jr., Corpus Christi, for petitioner.

Rankin, Kern, Martinez & VanWie, H. H. Rankin, Jr., and Stonewall VanWie, III, McAllen, for respondents.

## ON MOTION FOR REHEARING

**STEAKLEY, Justice.**

Respondents in their motion for rehearing call our attention to the fact that Petitioner did not file a motion for summary judgment and the record afforded no basis for the rendition of judgment for Petitioner. We agree. Our judgment rendered on January 15, 1969, is accordingly set aside.

The Motion for Rehearing is granted. The judgments below are reversed and the cause is remanded to the trial court.

McGEE, J., not participating.

**SMITH, Justice (dissenting).**

The dissenting opinion delivered on January 15, 1969, is withdrawn, and the following is substituted therefor:

This suit from Starr County presents a rather unusual state of facts. The County Clerk of Starr County, Jose S. Hinojosa, is the petitioner here. The petitioner and the respondents have a partition suit pending. It is alleged that the petitioner has caused to be recorded in the official records of the County Clerk's Office numerous instruments in violation of the recording statutes of Texas. I have been unable to find in the record a denial of the trial court's finding that the instruments were recorded in violation of law. The only defense raised by the petitioner is that this suit is barred by the four-year statute of limitations, Article 5529.

The Court's holding amounts to no more than an assist to petitioner in his effort to give validity to the instruments by recordation only for the ten-year period provided in Article 3726, Vernon's Annotated Texas Civil Statutes. It is true that the statute does not purport to prescribe a period of limitations. However, it was incumbent upon the respondents to seek a declaratory judgment before the expiration of the ten-year period mentioned in the statute; otherwise, wholly invalid instruments would, under the statute, be admitted as evidence without proof of their execution. To prevent the force of the statute, the respondents must take some judicial action prior to the expiration of the ten-year period or establish that they did not discover the wrongful admission of the instruments to record until after the expiration of the statutory ten-year period.

This is not a suit in trespass to try title or to remove the cloud on the title to land. We simply have a situation where instruments not subject to record have been illegally recorded. The respondents correctly pursued the only course open to them in filing their petition for declaratory judgment. The Court has given the statutes involved a meaning which was never intended. It is clear from the language of Articles 3726 and 3726b that the Legislature intended to give litigants, such as the respondents, the right, for a period of ten years and not just for a period of four years, to complain in regard to the recordability of an instrument. Respondents do not contend that Articles 3726 and 3726b are statutes of limitation, however, they do contend, and I agree, that there is no basis for the Court's holding that suits brought regarding instruments which are not subject to recordation must be brought within four years rather than ten years. The Court, in lieu of remanding this cause to the trial court, should render its judgment that the instruments in question were illegally filed for record by the Clerk of the County Court of Starr County, Texas, thereby affirming the judgments of the trial court and the Court of Civil Appeals.